ON REMAND FROM ALABAMA SUPREME COURT
McMILLAN, Judge.
In accordance with the Alabama Supreme Court’s decision in Ex parte Penn, 539 So.2d 319 (Ala.1987), this cause is remanded to the trial court on the authority of Ex parte Jackson, 516 So.2d 768 (Ala.1986), in order for the trial court to determine whether these facts present a prima facie case of purposeful discrimination. If the trial court so determines and the prosecutor is unable to come forward with race-neutral explanations for its strikes, then the appellant is entitled to a new trial.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court, pursuant to the Alabama Supreme Court's decision in Ex parte Penn, 539 So.2d 319 (Ala.1987), in order for the trial court to determine whether the State exercised its peremptory challenges against jurors in a purposefully discriminatory manner. The trial court was further instructed to allow the prosecutor to come forward with race-neutral explanations for its strikes, and if it was unable to do so, to grant the appellant a new trial. Because the deputy district attorney who tried the case had left the office and was encountering scheduling problems for conducting the hearing, the district attorney’s office, in an effort to resolve the case and without admitting the use of peremptory challenges on a racial basis, amended the charge against the appellant from theft of property in the first degree to theft of property in the second degree. An agreement was entered between the parties, whereby the appellant was sentenced to 15 years with a three-year split sentence to serve concurrent with a prior case. Therefore, this appeal is dismissed.
OPINION EXTENDED; APPEAL DISMISSED.
All Judges concur.